IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS WILLIAMS, | ] |
| Plaintiff, | ] |
| v. | ] CV-04-HS-986-S |
| THE JEFFERSON COUNTY COMMISSION, et al., | ] |
| Defendants. | ] |

**ENTERED**

**OCT 28 2004**

## Memorandum Opinion

This is a civil action, filed originally by Plaintiffs Anthony Pippens, Byron K. Deramus, Wilbert Miller, Jr., James E. Perry, Felicia T. Rucker, and Curtis Williams, against the Defendants, the Jefferson County Sheriff's Department and Mike Hale in his individual and official capacity as the Sheriff of Jefferson County. The initial Complaint in this case was filed on December 19, 2003, and given case number CV-03-BE-3352-S. On May 13, 2004, Judge Lynwood Smith severed the action into six individual cases. One of those cases is the present action brought by Plaintiff Curtis Williams.

The Amended Complaint, filed on February 25, 2004, adds as Defendants the Jefferson County Commission and Jefferson County, Alabama. The Amended Complaint also alleges three Counts against the Defendants for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Count I); violation of 42 U.S.C. §§ 1981 and 1981(a) through section 1983 (Count II); violation of the Plaintiff's rights to equal protection (Count III); and violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 for retaliation in violation of plaintiff's first amendment right to political association (Count IV).



On October 22, 2004, this Court granted the Plaintiff's motion to Dismiss all claims against Sheriff Hale in his individual capacity (doc. 23).

Currently pending before the Court is Defendants' (Jefferson County Commission and Jefferson County, Alabama) Motion to Dismiss (doc. 11), and Defendant Hale's Motion to Dismiss (doc. 12). For the reasons stated herein, Jefferson County Commission and Jefferson County, Alabama's Motion to Dismiss will be **GRANTED,** and Defendant Hale's Motion to Dismiss will be **GRANTED in part** and **DENIED in part**.

### I. ALLEGATIONS OF THE COMPLAINT

The Complaint alleges as follows:

>  47. Plaintiff Williams has been discriminated against and treated differently than similarly situated white employees solely because of his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981.
>
>  48. Plaintiff William began working for the Sheriff's Department in July 1991. Since that time, Williams served as a Detective in the Bessemer Cut-Off Division of Jefferson County. He was subsequently transferred to the Birmingham Division Jail where he is currently employed as a Sergeant.
>
>  49. After being reassigned to the Birmingham Division Jail, Williams was required to work the night shift, which is a less desirable schedule, rather than the day shift which was enjoyed by others of Williams' rank and seniority. Moreover, working the night shift affected Williams' income, in that he no longer was allowed to perform overtime work.
>
>  50. Plaintiff Williams' position as Detective in the Bessemer Cut-off Division was given to Jimmy Black, a 67 year old white male. Upon information and belief, Mr. Black was not able to perform the job responsibilities of a Detective on two previous occasions.
>
>  51. In or about January 2003, Mike Hale effectively became Sheriff of Jefferson County. While off duty, Williams, however, campaigned for and supported former Sheriff Jim Woodward for re-election and did the same for Johnnie Johnson in his bid for Sheriff against Mike Hale. Williams believes that he is being retaliated

against for his involvement in the political process and for his political preference.

52. Upon information and belief, Williams and other African-American employees of the defendant have been discriminated against in that they were assigned to less desirable positions. These assignments were not based on job performance, merit or disciplinary problems. Said reassignments were based on racially discrimination and retaliation. Upon information and belief, the defendant has discriminated against Williams in violation of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991.

* * *

### IV.  COUNT I: VIOLATION OF 42 U.S.C. SECTION 2000e TITLE VII

55. Plaintiffs have been discriminated against and treated differently than similarly situated white employees solely because of their race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This treatment by the defendant has affected the terms and conditions of plaintiffs' employment.

56. Furthermore, said acts of discrimination have affected the plaintiffs' pay, raises, ability to advance, and right to be free of racial discrimination, harassment and intimidation. Plaintiff alleges that white employees were not treated in this manner.

57. The defendant has a pattern and practice of racial discrimination in all the foregoing aspects.

58. This reckless and willful discrimination on the part of the defendant constitutes a violation of the plaintiffs' statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

59. As a further consequence and effect of the defendant's unlawful conduct and practices, the plaintiffs were deprived of income and other compensation and benefits.

60. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is their only means of securing adequate relief. The plaintiffs are now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V. COUNT II: 42 U.S.C. SECTION 1981 and 1981(a) THROUGH SECTION 1983

62. Plaintiffs have been discriminated against, singled out and treated differently than similarly situated white employees solely because of their race, African American, in violation of 42 USC. § 1981 and 1981(a), as amended by the Civil Rights Act of 1991. This treatment by the Defendant has affected the terms and conditions and enjoyment of plaintiffs' employment. Moreover, the action of the Defendants were done under color of state authority.

63. As a further consequence and effect of the defendant's unlawful conduct and practices, the plaintiffs were deprived of income and other compensations and benefits.

64. Plaintiffs Miller, Pippens and Rucker were also retaliated against for their political preferences.

65. Plaintiffs believe and thus aver that the affect of the defendant's unlawful employment practices has been to limit, classify and discriminate against persons of African-American ancestry in ways which jeopardize and intend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their race in violation of 42 USC § 1981 and 1981(a) under color of state authority. Plaintiffs, the victims of such practices, are now and will continue to be unlawfully deprived of income in the form of wages, perspective retirement benefits, seniority, social security benefits, insurance coverage and other monetary and non-monetary benefits due to them solely because of their race in sums to be proved at trial.

66. Plaintiffs have suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the defendant's racially discriminatory, demeaning and unlawful conduct.

67. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is their only means of securing adequate relief. Plaintiffs are now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI. COUNT III: VIOLATION OF PLAINTIFFS' RIGHTS TO EQUAL PROTECTION

69. The defendants acted under color of state authority to deprive the

4

plaintiffs of their Fourteenth Amendment right to equal protection by taking adverse action against the Plaintiffs based upon the plaintiffs race.

70.     As public employees, the plaintiffs had a constitutionally protected property interest.

71.     Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein an this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is their only means of securing adequate relief. Plaintiffs are now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**VII.    COUNT IV: 42 USC § 1981 and 42 USC § 1983 RETALIATION IN VIOLATION OF PLAINTIFFS' FIRST AMENDMENT RIGHT TO POLITICAL ASSOCIATION**

73.     By the conduct of the Defendants, the Defendant, Mike Hale, made it clear that Plaintiffs Pippen, Miller and Rucker were retaliated against for supporting candidates other than Mike Hale.

74.     Plaintiffs Pippen, Miller and Rucker's association and support candidates other than Hale was deemed unacceptable by the Defendants.

75.     Plaintiffs Pippen, Miller and Rucker's political association with candidates for Sheriff other than Hale, was a substantial or motivating factor in the decision to retaliate against the Plaintiffs which therefore, violated their First Amendment rights.

76.     Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein an this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is their only means of securing adequate relief. Plaintiffs are now suffering and will continue to suffer irreparable injury from the Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

*Complaint*, at 7-8, 14-17.

## II. STANDARD FOR REVIEWING A MOTION TO DISMISS

A Complaint can be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Eleventh Circuit has set out the appropriate standard for reviewing a

Motion to Dismiss as follows:

> We accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party. . . . Dismissal pursuant to Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples,* 256 F.3d at 1283-84 (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

*Magluta v. Samples,* 375 F.3d 1269, 1273 (C.A.11 (Ga.), 2004).

### III. DISCUSSION

**A.     Claims Against Jefferson County**

As an initial matter, the Plaintiff "concedes that Jefferson County is not a cognizable entity for the purposes of this lawsuit." *Plaintiff's Opposition to Defendant Jefferson County and the Jefferson County Commission's Motion to Dismiss (hereinafter "Plaintiff's Opposition Brief"),* at 4. In addition, at oral argument, the Plaintiff conceded that Jefferson County was due to be dismissed. Accordingly, the Motion to Dismiss all Counts as to Jefferson County will be **GRANTED**, and as to this Defendant the case will be **DISMISSED, with prejudice**.

**B.     Claims Against the Jefferson County Commission**

The Jefferson County Commission has been sued in its official capacity. While the Court accepts the Plaintiff's position that it must look to the extent of control the Commission exerted in this instance, in ruling on the Commission's motion to dismiss, the Court is persuaded by the logic of *Terry v. Cook,* 866 F.2d 373, 379 (11th Cir. 1989). The *Terry,* Court summarized the facts of that case as follows:

> The plaintiffs were deputy sheriffs, clerks, investigators, dispatchers, jailers, and process servers under the former sheriff of Lawrence County, Alabama, Dan Ligon. The defendant A.C. Cook defeated Ligon on November 4, 1986, after campaigning on a platform that promised "a change" in administration. Throughout

>the campaign and prior to assuming office, Cook publicly declared his intention to replace all of Ligon's employees "from the secretary and jailer up to the chief deputy," with persons who supported his election. On January 2, 1987, approximately three weeks prior to the termination of Ligon's term, the plaintiff Terry appeared before the Lawrence County Commission as spokesman for the employees and asked the commission's assistance in preventing Cook's intended housecleaning. At the same meeting, Cook again announced his intention to replace all of the employees who had opposed his election.
>
>The commission requested the opinion of the Alabama Attorney General but, prior to its receipt, confirmed Cook's plan. Cook took office on January 20, and, with his newly appointed chief deputy, defendant Cain, directed a notice to each plaintiff relieving him of his duties.
>
>The plaintiffs sued Sheriff Cook and Chief Deputy Cain in their individual capacities and the sheriff, chief deputy, and the Lawrence County commissioners in their official capacities. The complaint alleged that the plaintiffs were terminated for failure to support Cook in his political race in violation of the First and Fourteenth Amendments.

*Terry*, 866 F.2d at 374 (11th Cir. 1989). In ruling that the motion to dismiss the County Commission was appropriate, the Eleventh Circuit held:

>Under Alabama law, the County Commission is authorized to "allow the sheriff to appoint a chief deputy and as many other deputies as are needed in the discretion of the county commission." 1979 Ala.Acts 85. We can find no authority in Alabama law granting the county commission the authority to hire and fire deputy sheriffs, nor have plaintiffs offered any.

*Id.* at 379.

Similarly here, the Plaintiff has provided no authority that the Jefferson County Commission has the authority to hire and fire Deputy Sheriffs, or otherwise effect their employment status. In fact, case law suggests that it does not. In *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1289 (11th Cir. 1998), the estate of pretrial detainee who was killed during an altercation with another inmate at county jail brought a civil rights action against the county. In dismissing the County, the Court wrote:

7

> Under the Alabama Code, the sheriff has control over the inmates of the jail, the employees of the jail, and the jail itself. The Code bestows upon the sheriff "the legal custody and charge of the jail in his county and all prisoners committed thereto." Ala.Code § 14-6-1 (1995). The Alabama Supreme Court has held that § 14-6-1 demonstrates that "the sheriff's authority over the jail is totally independent of the [county commission]." *King v. Colbert County,* 620 So.2d 623, 625 (Ala.1993). The sheriff appoints, directs, and controls the deputies and jailers who work at the jail. Ala.Code § 14-6-105. The County has no authority to manage the sheriff's employees. *See Lockridge v. Etowah County Comm'n,* 460 So.2d 1361, 1363 (Ala.Civ.App.1984); *see also Terry v. Cook,* 866 F.2d 373, 379 (11th Cir.1989) (finding that Alabama county commissioners have no authority to hire or fire deputies or jailers). In both the *King* and *Lockridge* decisions, the Alabama courts assumed as a matter of statutory construction that an express legislative delegation of authority to one official, the sheriff, necessarily meant that another entity, the county, possessed no authority in that area.

*Turquitt v. Jefferson County, Ala.,* 137 F.3d 1285, 1289 (11th Cir. 1998).

The Plaintiff conceded at oral argument and in its brief that it does not fully know the control the Jefferson County Commission has over the actions of the Sheriff or the Sheriff's Department. It is the Plaintiff's burden to allege a claim creating liability of the County. The Plaintiff has failed to satisfy that burden. Accordingly, all claims against the County Commission are due to be **DISMISSED, with prejudice.**

The Court must still consider whether the Counts applicable to Sheriff Hale in his official capacity can proceed.

**C.      Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Count I)**

The Eleventh Circuit Court of Appeals has held

> Finally, both this court and the Fifth Circuit have held that Title VII actions are not appropriately brought against government officials in their personal capacities. Such suits may be brought only against individuals in their official capacity and/or the employing entity. *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991); *see also Harvey v. Blake,* 913 F.2d 226 (5th Cir.1990).

*Yeldell v. Cooper Green Hosp., Inc.,* 956 F.2d 1056, 1060 (11th Cir. 1992). Accordingly, the Motion

to Dismiss the Title VII action against Hale in his official capacity will be **DENIED**.

D.  **Violation of 42 U.S.C. §§ 1981 and 1981(a) through 1983 (Count II)**

"In *Parker v. Williams,* 862 F.2d 1471 (11th Cir.1989), [the Eleventh Circuit Court of Appeals] held that the eleventh amendment barred a section 1983 lawsuit against an Alabama sheriff in his official capacity." *Carr v. City of Florence, Ala.,* 916 F.2d 1521, 1525 (11th Cir. 1990). Accordingly, Count II, as alleged against Defendant Hale in his official capacity will be **DISMISSED, with prejudice.**[1]

E.  **Violation of the Plaintiff's Rights to Equal Protection (Count III); and Violation of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 Retaliation in Violation of Plaintiff's first amendment right to political association (Count IV)**

These Counts also sound in Section 1983. Accordingly, for the reasons stated above, the Motion to Dismiss Count III and Count IV, as alleged against Defendant Hale in his official capacity will be **GRANTED** and these Counts **DISMISSED, with prejudice.**

## IV. CONCLUSION

For the reasons stated herein, the Motion to Dismiss of Jefferson County and the Jefferson County Commission will be **GRANTED**. The Motion to Dismiss of Sheriff Mike Hale will be **GRANTED in part and DENIED in part**.

Done, this 27 day of October, 2004.

VIRGINIA EMERSON HOPKINS
UNITED STATES DISTRICT JUDGE

---

[1] All parties agree that the § 1981 and § 1983 claims merge to form one claim. *See Godby v. Montgomery County Bd. of Educ.,* 996 F. Supp. 1390, 1411 (M.D. Ala. 1998).

9